Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
Rosanne L. Mah (State Bar No. 242628)
Email: rmah@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Courtney Maccarone (to be admitted *pro hac vice*)
Email: cmaccarone@zlk.com
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Counsel for Plaintiff GEORGE JACK*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GEORGE JACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 5:18-cv-06652<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff George Jack ("Plaintiff"), by and through his attorneys, make the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge, against defendant Google Inc. ("Google" or "Defendant").

## NATURE OF THE ACTION

1. This is a class action concerning Google's unlawful and deceptive practice of tracking and storing time-stamped location data from millions of mobile phone users who affirmatively opt-out of the tracking.

2. Google is a multinational technology company that specializes in Internet-related services and products, including search engines, cloud computing, software, and hardware.

3. Google represented to the public and its users that it would not access users' location history if the users took certain steps in managing their privacy settings. Specifically, Google represented that if users disable the "Location History" feature on their accounts or devices, then Google would be prevented from tracking and storing location data from them. Google's support page, which is attached hereto as Exhibit A, stated: "You can turn off Location History at any time. With Location History off, the places you go are no longer stored."

4. Google's representation was false, however. As revealed in a recent Associated Press investigation, and confirmed by computer-science researchers at Princeton University, Google accesses and stores the precise geolocation information even from individuals who have affirmatively disabled the Location History setting.[1]

5. For example, even with the Location History feature disabled, Google apps will still automatically store time-stamped location data without obtaining consent from the user. The AP Report revealed that "Google stores a snapshot of where you are when you merely open its Maps app. Automatic daily weather updates on Android phones pinpoint roughly where you are. And some searches that have nothing to do with location, like 'chocolate chip cookies,' or 'kids science kits,' pinpoint your precise latitude and longitude—accurate to the square foot—and save it to your Google account."[2]

6. Location data is highly sensitive, not only because the data point identifies where an individual is at any given time, but also because of the personal information that can be extracted from the location data. Therefore, the efforts of individuals who are conscious of their privacy and wish to avoid the collection and storage of sensitive location data should be respected and protected. However, Google collects the data against the express preferences and expectations of its users, thereby invading users' reasonable expectations of privacy.

---

[1] Ryan Nakashima, *AP Exclusive: Google tracks your movements, like it or not*, AP News (Aug. 13, 2018), https://www.apnews.com/828aefab64d4411bac257a07c1af0ecb) (hereafter, "AP Report").
[2] *Id.*

7.      Google uses the location information it unlawfully obtains from users for marketing and advertising purposes, and generates enormous revenues from it.  For example, user-generated data provides information useful to advertisers such as foot traffic metrics.  Peter Lenz, the senior geospatial analyst at Dstillery, a rival advertising technology company, stated, "[t]hey build advertising information out of data" and that "more data for them presumably means more profit."[3]  Last year Google earned $95.4 billion from location-related advertising.[4]  Accordingly, Google is profiting off of intruding into Plaintiff's and Class members' solitude, seclusion, and private affairs.

8.      Google's practice of tracking users' location, in direct contravention of user instructions clearly expressed by turning off the Location History feature, violates the California Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq.* ("CIPA"); New York General Business Law, N.Y. Gen. Bus. Law §§ 349 *et seq.*; and constitutes intentional and negligent misrepresentation.

## **PARTIES**

9.      Plaintiff George Jack is a citizen of the state of New York, residing in the Bronx.  Since September 2017, Plaintiff has owned and used an Apple iPhone 7 that has various Google apps and functionalities downloaded onto the phone.  Before acquiring the iPhone 7, Plaintiff owned and operated an iPhone 6.  Plaintiff expressly attempted to limit Google's ability to track his location by managing his Location History settings on Google's website.  He affirmatively turned the Location History storage option to "off."  Mr. Jack believed that by affirmatively turning the Location History storage option to "off," he was opting out of Google's practices of collecting and processing information about his actual location. Nevertheless, and unbeknownst to Plaintiff, Google continued to track and store his location information.

10.     Defendant Google, Inc. is a United States corporation incorporated under the laws of Delaware with its headquarters in Mountain View, California.

---

[3] *Id.*

[4] Cal Jeffrey, *Turning Off 'Location History' does not prevent Google from tracking you*, Techspot (Aug. 13, 2018), https://www.techspot.com/news/75942-turning-off-location-history-does-not-prevent-google.html.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some members of the proposed Class are citizens of a state different from defendant.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

## INTRADISTRICT ASSIGNMENT

13. Pursuant to Civil L.R. 3-2(c), this civil action should be assigned to the San Jose Division, because a substantial part of the events or omissions giving rise to the claims occurred in the county of Santa Clara, where Google is headquartered.

14. Moreover, Google's "Terms of Service," available on Google's website, contains the following forum selection provision:

> All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.[5]

## FACTUAL ALLEGATIONS

**A. Google Tracks Its Users' Location Even When Users Affirmatively Disable the Location History Feature**

15. An operating system ("OS") is software that allows a user to run other applications on a computing device, such as a mobile phone. A majority of mobile phones run on one of two operating systems: Android or iOS. Android was developed by Google and iOS was developed by Apple.

16. In addition to developing the Android operating system, Google also develops apps that can be downloaded on Android and iOS devices.

17. On each operating system, users can manage the functionalities of their devices and apps by customizing their preferences.

18. Included among these preferences is the option to turn on or off Location History which

---

[5] Google.com, Terms of Service, https://policies.google.com/terms?hl=en&gl=US (last visited Oct. 15, 2018).

is an individual's precise location information as determined through the phone's GPS coordinates.

19. Google represented to users of its devices and apps that by turning the Location History feature off, Google would not track and store data relating to an individual's location. Android phone users can manage the Location History preference from their devices, while iPhone users are required to log into their online Google accounts to do so.

20. Specifically, Google's support webpage on the subject stated:

> You can turn off Location History at any time. With Location History off, the places you go are no longer stored. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.

*See* Exhibit A.

21. Accordingly, Google represented to both Android and Apple device users that turning the Location History feature off would result in Google ceasing to track and store an individual's location information.

22. However, Google's representations were false. As recently publicly revealed in the AP Report, turning off Location History only stopped Google from creating a location timeline that the user could view. Instead, Google continued to track phone owners and keep a record of their locations.

23. To demonstrate how powerful and invasive the tracking and storing of location data can be, the AP created a map of the movements of Princeton postdoctoral researcher Gunes Acar, who had the Location History feature on his cell phone turned off. The map identified where he travelled over three days, including, but not limited to, his train commute on two trips to New York, visits to The High Line park, Chelsea Market, Hell's Kitchen, Central Park, and Harlem.[6]

24. By tracking Plaintiff's and Class members' locations despite having affirmatively turned the Location History storage option off, Defendant intruded on and into Plaintiff's and Class members' solitude, seclusion, or private affairs. Google's conduct is contrary to users' reasonable expectations of privacy. As Princeton computer scientist and former chief technologist for the Federal Communications Commission's enforcement bureau, Jonathan Mayer, stated: "If you're going to

---

[6] Associate Press Interactive, *'Location history' Off? Google's still tracking you*, https://interactives.ap.org/google-location-tracking/ (last accessed Oct. 15, 2018).

allow users to turn off something called 'Location History,' then all the places where you maintain location history should be turned off. . . . That seems like a pretty straightforward position to have."[7]

### B. Contrary to Google's Representations, Preventing the Collection and Storage of Location Information Is Actually a Complex, Counter-Intuitive Process

25. To prevent Google from collecting and storing a user's location data, users must turn off Location History, *in addition to* disabling a setting called Web & App Activity.

26. However, the Web & App Activity setting is deeply buried in Google's settings, and in order to find it, users must first sign into their Google accounts either on a browser or through the Android settings menu. In the browser, users can access the Web & App Activity account settings by finding "Google Account" in the dropdown menu in the upper right-hand corner, then selecting "Personal Info & Privacy," choosing "Manage your Google Activity," then clicking "Go to Activity Controls." Once there, the Web & App Activity setting is revealed, which can then be toggled off.

27. However, even if users navigate through their settings to find the Web & App Activity setting, Google obfuscates the fact that the Web & App Activity setting is even related to location collection data. The setting resides directly above, and separate from, the Location History option, causing reasonable users to conclude that Web & App Activity is not related to location tracking.

28. Further, Google's description of Web & App Activity is that it "[s]aves your activity on Google sites and apps to give you faster searches, better recommendations, and more personalized experiences in Maps, Search, and other Google services."[8] This description does not provide reasonable notice that it relates to location tracking.

29. To obtain additional information about the function of the Web & App Activity feature, a user must click "[l]earn more," then scroll to "[w]hat's saved as Web & App Activity," and click on "[i]nfo about your searches & more" before Google even mentions location tracking.[9] This is

---

[7] *See* AP Report.

[8] Google.com, Activity Controls, https://myaccount.google.com/intro/activitycontrols (last visited Oct. 15, 2018).

[9] Google.com, Search Help, https://support.google.com/websearch/answer/54068?p=web_app_activity&hl=en&visit_id=636749651614250929-987972148&rd=1 (last visited Oct. 15, 2018).

insufficient notice of the collection and storage of location information.

30. Leaving Web & App Activity on and turning Location History off does not stop Google's collection of certain location markers.

31. Google fails to make clear to users that in order to stop Google from saving their location markers, in addition to turning Location History off, they must also turn off the Web & App Activity setting.

### C. Google's Response to the AP Report Confirms Its Unlawful and Deceptive Acts and Practices

32. In its response to the AP Report, Google first defended its actions, stating: "We provide clear descriptions of these tools."[10]

33. Then, three days after the AP revealed that several Google apps and websites store user location even if users have turned off Location History, Google announced that it was "updating the explanatory language about Location History to make it more consistent and clear across our platforms and help centers."[11]  This statement contradicts a prior statement Google sent to the AP in which it claimed that the descriptions for opting out of Location History were clear.

34. The revised description on its website acknowledges that Location History continues to track users even if they have disabled the setting.  Specifically, Google revised the description, which originally stated, "[w]ith Location History off, the places you go are no longer stored," to read "This setting does not affect other location services on your device."[12]  Google also acknowledged that "some location data may be saved as part of your activity on other services, like Search and Maps."[13]

35. Accordingly, Google acknowledged, for the first time, that it continues to track users even if they disable the Location History setting.[14]

---

[10] AP Report.

[11] Ryan Nakashim, *APNewsBreak: Google clarifies location-tracking policy*, AP News (Aug. 16, 2018), https://apnews.com/ef95c6a91eeb4d8e9dda9cad887bf211.

[12] *Id.*

[13] *Id.*

[14] Nakashim, *supra*.

36. Rather than ending the practice, however, Google simply revised its website so that it could continue to track those users who had previously affirmatively opted out of the tracking.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and the members of the proposed Class under Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the Federal Rules of Civil Procedure. The proposed Class consists of the following:

> All natural persons residing in the United States who own one or more Android or Apple mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google (the "Class").

38. The Class contains the following Subclass:

> All natural persons residing in the state of New York who own Android or Apple mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google (the "New York Subclass").

39. Plaintiff reserves the right to redefine the Class before certification and after having the opportunity to conduct discovery.

40. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

41. <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that joinder is impractical. The Class consists of millions of members, the precise number which is within the knowledge of and can be ascertained only by resort to Defendant's records.

42. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are numerous questions of law and fact common to the Class, which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant's acts and practices complained of herein violated the CIPA, Cal. Pen. Code §§ 630, *et seq.*;

   b. Whether Defendant's acts and practices complained of herein violated the New York

General Business Law, N.Y. Gen. Bus. Law §§ 349, *et seq.*;

c. Whether Defendant misrepresented or omitted one or more material facts to Plaintiff and the Class; and

d. Whether Defendant's conducted violated the other provisions of statutory and common law outlined in this complaint;

43. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class members, took efforts to prevent his phone's location history from being recorded and used by Google, yet despite these efforts and contrary to Google's representations, nonetheless had said location history recorded and used by Google.

44. <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff is a representative who will fairly and adequately assert and protect the interests of the Class and retained counsel experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

45. <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

47. <u>Injunctive and Declaratory Relief</u>. Fed. R. Civ. P. 23(b)(2). The conduct of Defendant is generally applicable to the Class as a whole and Plaintiff seeks equitable remedies with respect to the Class as a whole. Like all Class members, Plaintiff suffers a substantial risk of repeated injury in

the future.  Like all Class members, although Plaintiff wishes to control the circumstances under which his location information can be collected and used by Google, Google has shown deliberate indifference to those wishes and has indeed taken pains to deceive Plaintiff (and all Class members) and to thwart those wishes.  As such, the systematic policies and practices of Defendant make declaratory or equitable relief with respect to the Class as a whole appropriate.  Plaintiff and all Class members face substantial risk of the same injury in the future.  Google's conduct is common to all Class members and represents a common thread of conduct resulting in injury to all members of the Class.

## CAUSES OF ACTIONS

## COUNT I

### Violations of CIPA, Cal. Pen. Code §§ 630, *et seq.*

48. Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

49. Cal. Pen. Code § 630, known as the California Invasion of Privacy Act ("CIPA") provides that "[t]he Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communication and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

50. Google's acts and practices complained of herein, engaged in for purposes of acquiring and using the geolocation of mobile phone users, without their consent, and in direct contravention of the representations made about turning off the location history function, violate Cal. Pen. Code § 637.7.

51. Cal. Pen. Code § 637.7 prohibits the use of an electronic tracking device to determine the location or movement of a person.

52. In direct violation of this prohibition and without the consent of Plaintiff or Class members, and in direct contravention of those individuals' clearly-expressed wishes—Google intended to and continued to record, store, and use the location information of Plaintiff and Class members after

they disabled the Location History feature on their phones.

53. As described herein, Google utilized multiple devices that are "electronic tracking devices" under Cal. Pen. Code § 637.7(d), in that Google employs and embeds a host of technology—including but not limited to apps, firmware, device components, operating system software, and other code—on each Class member's phone (a "movable thing" under the statute), and this technology "reveals its location or movement by the transmission of electronic signals."

54. Defendant's acts in violation of the CIPA occurred in the State of California because those acts resulted from business decisions, practices, and operating policies that Google developed, implemented, and utilized in the State of California and which are unlawful and constitute criminal conduct in the state of Google's principal business operations.

55. As a result of Google's violations of Cal. Pen. Code § 637.7, and pursuant to Cal. Pen. Code § 637.2, Plaintiff and Class members are entitled to the following relief:

   a. A declaration that Google's conduct violates the CIPA;

   b. Statutory damages and/or trebled actual damages;

   c. Injunctive relief in the form of, *inter alia*, an order enjoining Google from geolocating Class members in violation of CIPA;

   d. Injunctive relief in the form of, *inter alia*, an order requiring Google to destroy all data created or otherwise obtained from its illegal geolocation of Class members; and

   e. An award of attorney's fees and costs of litigation as provided by the CIPA, the private attorney general doctrine existing at common law and also codified at California Civil Code § 1021.5, and all other applicable laws.

## COUNT II

**Violations of the New York General Business Law, N.Y. Gen. Bus. Law §§ 349,** *et seq.*

56. Plaintiff, individually and on behalf of the New York Subclass, incorporates and realleges by reference each and every allegation above as if set forth herein in full.

57. Google engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of goods or services, in violation of N.Y. Gen. Bus. Law § 349, as described herein.

58. Google's representations and omissions were material because they were likely to deceive reasonable consumers into believing their location information would not be tracked and stored if they disabled the Location History feature.

59. Google acted intentionally, knowingly, and maliciously to violate New York's General Business Law, and recklessly disregarded Plaintiff and the New York Subclass members' rights.

60. As a direct and proximate result of Google's unfair, deceptive, and unconscionable trade practices, Plaintiff and the New York Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages, including from not receiving the benefit of their bargain in using Google's services and keeping their data private.

61. Google's deceptive and unlawful acts and practices complained of herein affected the public interest and consumers at large, including the millions of New Yorkers who use Google's services and devices.

62. Plaintiff's and the New York Subclass members' location data has tangible value. Their location data is in the possession of Google, which has used and will continue to use such data for its own advantage, including financial advantage.

63. Plaintiff's and the New York Subclass members' personal location data was exploited without consent. Accordingly, Plaintiff and the New York Subclass members are entitled to part of Google's profits that were generated by their personal location data without informed consent.

64. Plaintiff and New York Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $50 (whichever is greater), treble damages, injunctive relief, and attorneys' fees and costs

### COUNT III

#### Intentional Misrepresentation

65. Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

66. Defendant and its agents, employees, and/or subsidiaries made materially false representations to Plaintiff and the Class that their operating system and apps did not secretly collect

information against users' explicit wishes.

67. These material misrepresentations were contained in public statements by Defendant, including in its Terms of Service.

68. Defendant knew or recklessly disregarded the false and misleading nature of their material misrepresentations.

69. Defendant made the materially false and misleading statements for the purpose of inducing Plaintiff and the other members of the Class to install and use its operating system and apps.

70. In purchasing and using Google's operating system and apps, Plaintiff and the Class reasonably relied on Defendant's materially misleading statements that Plaintiff's and the Class' location would not be monitored contrary to users' explicit wishes.

71. As a result of Defendant's materially false and misleading misrepresentations and omissions, Plaintiff and the Class sustained damages as set forth herein.

## COUNT IV

### Negligent Misrepresentation

72. Plaintiff incorporates and realleges by reference each and every allegation above as if set forth herein in full.

73. Defendant and its agents, employees, and/or subsidiaries negligently and/or recklessly made materially false representations to Plaintiff and the Class as alleged above.

74. These material misrepresentations were contained in public statements by Defendant, including in its Terms of Service.

75. Defendant knew or should have known that the materially false and misleading statements would induce Plaintiff and the other members of the Class to accept the operating system and apps for their phones.

76. In purchasing and/or using Google's operating system and apps, Plaintiff and the Class reasonably relied on Google's materially misleading statements that their location would not be monitored contrary to their explicit wishes.

77. As a result of Google's materially false and misleading misrepresentations and omissions, Plaintiff and the Class sustained damage as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. An order certifying that this Action may be maintained as a class action, that Plaintiff be appointed as Class Representative, and his counsel be appointed Class Counsel;

B. A judgment awarding Plaintiff and all members of the Class damages as alleged above incurred by Plaintiff and Class members as a result of Defendant's unlawful, deceptive, and unfair business and trade practices described herein;

C. Appropriate declaratory relief against Defendant;

D. An order enjoining Defendant from continuing to violate the laws as described herein;

E. Injunctive relief in the form of, inter alia, an order enjoining Defendant from continuing its practice of recording and using Plaintiff's and Class members' location information against their express preferences;

F. An order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiff and Class members;

G. An order requiring Google to modify its operating system and all applications, and representations made with respect thereto, in a manner that truthfully advises users of location tracking;

H. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

I. A judgment awarding Plaintiff the costs of suit, including reasonable attorneys' fees, and pre and post-judgment interest; and

J. Such other and further relief as may be deemed necessary or appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 1, 2018         **LEVI & KORSINSKY, LLP**

By: /s/ *Rosemary M. Rivas*
Rosemary M. Rivas
Rosanne L. Mah
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 373-1671

Facsimile: (415) 484-1294

Courtney Maccarone (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

*Counsel for Plaintiff George Jack*